Crumpacker, McFie and McMillan, JJ., concur; Mills, C. J., did not sit, he having tried the case below.

---

[901.    February 25, 1901.]

GEORGE K. NEHER, Appellant, v. A. J. CRAWFORD, Appellee.

SYLLABUS BY THE COURT.

1. APPELLATE PRACTICE—FINAL JUDGMENT.—A decree allowing compensation to a master and his attorney, and in default of payment being made, ordering the sale of property, thereby creating a fund out of which they are to be paid, is a final judgment or decision within the meaning of our statute, and can be appealed from.

2. SPECIAL MASTER—NO COMPENSATION, WHEN.—A master who incurs expenses by having drawn up a notice of sale, etc., before the time limited for the redemption of property has expired, does so at his own risk, and can not recover back such expenses, if the mechanics' liens for which the sale was to be made, are paid, before the expiration of the time limited for redemption.

3. SALE UNDER DECREE—PUBLICATION—REDEMPTION.—The advertisement of a sale of property under a decree, can be published during the time limited for redemption, and if the sale is not made until after the time so limited for redemption has expired, such sale is legal and valid.

4. SPECIAL MASTER—EXPENSES NOT PAID, WHEN.—Unnecessary expenses incurred by a master will not be taxed as costs.

5. APPELLATE PRACTICE—WHAT QUESTIONS NOT CONSIDERED.—This court will not consider on appeal, any matters contained in a decree, which are not appealed from.

*Appeal* from judgment of District Court of Bernalillo county in favor of plaintiff. Judgment modified and affirmed.

Statement of the case by the court.

Five cases were brought in the district court of Bernalillo county to foreclose mechanics' liens on some lots and an opera house erected thereon in the city of Albuquerque. Under a stipulation, the several causes were consolidated and a decree was entered in favor of the several lien claimants. The decree, which was entered by consent, finds that unless the defendant, Frank P. McClure, "or some other person in his behalf, shall pay, or cause to be paid, the several amounts herein decreed, together with all interest which shall have accrued thereon, and all attorneys and other fees and costs," on or before January 31, 1900, the property described in the decree and on which the mechanics' liens had attached should be sold for the satisfaction of the indebtedness; and the court appointed Andrew J. Crawford, appellee herein, special master to execute the decree, and the special master was directed to advertise the time, place and terms of sale, and that having advertised, he sell the same, and bring the proceeds into Court. This decree was entered on October 31, 1899, and gave the defendants ninety days, as required by statute, to pay off and satisfy the several liens. On December 30, 1899, which was before the date fixed by the court when the defendants had the right to pay off and satisfy the several claims, the special master, A. J. Crawford, inserted the first notice of sale in a news-

paper, the last publication of such notice being on January 28, 1900; and on the first day of February, 1900, sold the property to one Otto Dieckman for the sum of $6,100.00, and paid the money into court, and reported the sale, asked for its confirmation, and that he be authorized to execute and deliver to the purchaser a deed; that he be ordered to pay the newspaper $28.05 for the advertisement of such sale, and that a reasonable fee be allowed him out of the purchase money for his services in making the sale, as well as a reasonable fee for his attorneys, for the preparation of the notice of sale, his report and the drawing of the deed to the purchaser.

On the fifth of February, 1900, the appellant, Neher, filed a motion to set aside the sale and for return of the purchase money to the purchaser, upon the ground that prior to January 31, 1900, which was the day up to which time the defendants had the right to redeem the property under the decree, the appellant, Neher, had paid the several amounts, for which judgment had been given in the decree, together with interest, attorneys' fees and other costs. The motion further sets forth that the appellant had been misled to his prejudice; he, having paid the said amounts, and notified the special master thereof, had no reason to believe that the sale would be made, and was, therefore, not present at the sale, and had no opportunity to take any means to prevent the sale, etc., and further, that the advertisement itself alleged as a reason for the sale of the property, that "the indebtedness, interest and costs had not been paid, or any part thereof." This motion was supported by affidavits. The several liens were not discharged of record at the time the sale was made.

The motion to set aside the sale was contested, but after a hearing the court, on April 20, 1900, set aside the sale, for the reason that before the sale to Otto Dieckman, the amounts due the several lien holders had been paid by the said George K. Neher. The court further found that various items of costs of the district court and the special master had not been paid, and ordered that the defendants, or some one of them, within ten days from date should pay and discharge the unpaid costs of court as appears from the record

thereof; and that there shall also be paid to Andrew J. Crawford, the "special master, the sum of $250.00, for his services in making said sale; and that there be paid to the attorneys for the special master in preparing the notice of the sale, report of the same and the order setting the same aside the sum of $50.00; and the sum of $28.05 for the publication of the notice of sale." The court further ordered that unless these several sums of money were paid within ten days, that the special master should again advertise and sell the premises to collect the same.

Appellant Neher appealed "from the judgment of the court allowing A. J. Crawford, special master, the sum of $250.00 as compensation for his services, and the further sum of $50.00 on account of attorneys' fees incurred by said special master."

W. B. CHILDERS for appellant

## I.

First. The notice of sale was invalid the property having been advertised before the time within which appellant could pay off and satisfy the claim had elapsed.

The court had given the ninety days required by statute, to the defendants to satisfy the decree. A mechanic's lien is a "written instrument which may operate as a mortgage" and the court correctly followed the statute in this particular. (Compiled Laws of 1897, section 3938.)

Any act of the special master with reference to the sale until the full time had elapsed, was without authority and void. He had no right to add to the costs which appellant had to pay before the time elapsed, by advertising or incurring attorneys' fees.

Second. It was invalid because not properly advertised. Where there are no statutory regulations the officer must conform to the terms of the decree whatever they may be. 2 Freeman on Executions, section 2850. Gould v. Garrison, 48 Ill. 260; Crisley v. Giest, 135 Ill. 458.

Where a time is fixed by statute, a sale made in violation of the same is a nullity. 12 Ency. of Pleading and Practice, 42.

The decree as well as the statute provided that the defendants might satisfy the decree and avoid the sale by payment of the amount of the decree, with all costs and interest accrued and to accrue up to the date of the payment, and that the property should not be sold "until ninety days after the date of the order, judgment or decree, within which time the mortgagor, or any one for him, may pay off the decree and discharge the mortgage and avoid the sale." (Sec. 3938.) The special master was not authorized to add anything to the amount necessary to be paid to avoid the sale until the full period of ninety days had elapsed. The notice although preliminary to the sale is as much a part of the sale as any other step. If taken prematurely he should certainly not be permitted to get pay for having it prepared, publishing it or doing anything else predicated on it.

"A sale is erroneous if made before the expiration of a valid stay of proceedings, and the purchaser at such a sale acquires no right as against the owner." 12 Ency. of Pl. and Pr. 90, and cases cited, note 6.

It would be strange if the special master could acquire rights under a sale which is set aside for such reasons, and yet that is what the court held. "Directions contained in the decree or prescribed by statute must be strictly followed and the parties interested can not even stipulate for a different order." "A sale under a decree that has been paid and discharged prior to the sale is fraudulent and void." 12 Am. & Eng. Ency. 90 and 91, and cases cited.

## II.

The unpaid costs in this case had all been paid to the plaintiffs by the defendant, Neher. The costs in the first place are taxed against the plaintiffs, the party making them. The plaintiffs recovered them against the defendants by the decree and had satisfied or assigned to Neher all right to recover them. If the amount paid did not suffice to pay plaintiffs' claims in full, including these costs, they had parted with their remedy to enforce them against the property by the acceptance of satisfaction of the decree, or by assignment of the decrees. The lien for costs was the plain-

tiff's, not the clerk's, the sheriff's, the printer's or the special master's. Their remedy was against the plaintiffs who made the costs. The remedy was an execution for costs, if plaintiffs refused to pay. They had the right to exact payment in advance in the first instance. "Cost is a pecuniary allowance made by positive law ,to the successful party in a suit, or a distinct proceeding within a suit, in consideration of and to reimburse his probable expenses." Price v. Garland, 5 N. M. 101. This case fully reviews the origin of the allowance of costs and the whole subject. It clearly shows that the allowance is not to the officers but to the successful litigant to reimburse. him. The successful litigant having assigned and satisfied both debt, interest and costs, the property could not be sold for the simple reason that the special master refused to accept the word of the attorney who actually controlled the decree, and refused to make any inquiry into the. facts, but misled the attorney, planting himself on the naked fact that the record did not show assignment or satisfaction. He was either too hungry for a master's fee, or he was a party to the perpetration of a fraud on the appellant and an absolutely stupid attempt to sacrifice appellant's rights and property. In this connection when considering the master's conduct, it must not be forgotten that he was an officer of the court and could, at all times, apply to the court for its directions. Neither should it be forgotten that he had attorneys, and the court allowed against this appellant $50.00 for the services of these attorneys, one of whom had a deed to an interest in the property hostile to the appellant. Both they and he seemed to have been careful to say nothing as to what legal advice the special master received as to the propriety of going on with this sale. It is to be presumed that he acted under the advice of counsel when he had them.

### III.

The objection that an appellate court will not review a case where only costs are involved does not apply to this case. It is not the taxation of statutory costs that is involved but the allowance of compensation by the court's

order alone.   Such allowances will be reviewed.

In Disbrow v. Henshaw & Cowen, 355, it is said:   "I agree that it is not every order for costs, or every order made on petition, which will furnish a proper ground of appeal.   But here is a petition in nature of a bill filed.   It carries with it all the consequences of a chancery cause, in the ordinary course of practice.   I am prepared to say that, at least this court may in its discretion entertain an appeal from an order for costs, or an order on petition, and that the case before us is one in which we should do so."   Disbrow v. Henshaw & Cowen, 355; See also especially Zelle v. Bobb, 14 Mo. App. 267; Norcross v. Boulton, 16 N. J. Law. 310.

See especially, Lain v. Lain, 10 page, 192, where it is said:   "The exceptions to the general rule on this subject, in the English Court of Chancery, are stated by Lord Cottonham in Angell v. Davis, (4 Myl & Craig's Rep. 369.)   Or rather he shows a class of cases that do not come within the rule, because the giving or refusing of costs, in the cases to which he refers, depends upon certain fixed principles rather than upon the exercise of the discretion of the court."   Lain v. Lain, 10 page Ch., 192, and cases cited.

The court, we insist had no discretion to allow the special master his costs in this case.   He had no power to do so.   It is entirely different from an appeal to review the amount allowed.   The Supreme Court of the United States recognizes that there may be cases where the allowance of costs may be the subject of review.   U. S. v. The Big Mabel, 2 How. 238.

Under our statutes "Any person aggrieved by any final judgment or decision of any court, may at his election take an appeal or sue out a writ of error, etc."   Under this statute and similar statutes such orders are held to be appealable. See New York and Mo. cases; also California cases above cited.   See also White v. White, 82 Cal. 427; 24 Pac. 276; Sharon v. Sharon, 8 Pac. 709; Graham v. Skinner, 57 N. C. 94; Corning v. Ryan, 3 Colorado, 531.

The statute is liberally construed in furtherance of justice and to sustain the rights of appeal.   Sutherland on

Statutory Construction, sec. 440; Houck v. Barthold, 73 Ind. 21; Colly v. Anson, 4 Wis. 223; Pearson v. Lovejoy, 53 Barb. 407; Endlich on Interpretation of Statutes, 108; Converse v. Burrows, 2 Minn. 240.

The language of the U. S. statutes regulating appeals and writs of error uses the words "final judgments." Rev. Stat. of U. S., sec. 636 and 691.

See generally on appeals on costs, Sturgis v. Spofford, 58 N. Y. 103; Hopkins v. Sois, 19 N. E. 273; Norton v. Fancher, 7 N. Y. S. 755; Barnard v. Bruce, 21 How. Pr. 300; Peralta v. Adams, 2 Col. 574; Gilbreth v. Adams, 15 Mo. 178.

## IV.

This is in no proper sense a question of costs. The decree made the special master's fee, the attorney's fee and unpaid court costs a lien on the property and orders the property to be sold in default of payment. (Record, 61.) All such orders and allowances are appealable. It is in every sense a final decree. Mason v. Pewabic Min. Co., 153 U. S. 361; Kingsland v. Scudder, 36 N. J. Ey. 284.

"Ordinarily a decree will not be reviewed by this court on a question of costs merely in a suit in equity although the court has entire control of the matter of costs, as well as the merits, when it has possession of the cause on appeal from the final decree. But it was held by Lord Cottonham in Angell v. Davis (4 Myl & Craig, 360) that when the case is not one of personal costs, in which the court has ordered one party to pay them, but a case in which the court has directed them to be paid out of a particular fund, an appeal lies on the part of those interested in the fund." 105 U. S. 527-8.

The decree allowing the costs is not a personal judgment; it is an order requiring the payment and in default thereof, ordering the sale of the property, and thereby creating a fund out of which they are to be paid and is clearly within the rule as laid down in the case last quoted. See also Re Farmers Loan & Trust Co., 129 U. S. 206.

## V.

The record shows (See affidavit of McMillen, page 23) that it was the opinion of at least one of the counsel in this case that defendant could not legally be made to pay the expenses of advertising and other costs created by advertising the property for sale prior to the thirty-first of January.

We submit that so far as that opinion went, it was certainly correct.

We further submit that we think we have made it plain that all such acts done before the ninety days had elapsed were absolutely nugatory. If it was a matter of discretion in the court to allow master's fees it would be an abuse of discretion in this case to allow $250.00 for the sale of this property when the sale was not and could not have been legal, both for the reason that the property was advertised before it could be lawfully advertised, and because the decree had been finally satisfied before the sale.

JOHNSTON & FINICAL for appellee.

1. Mr. Childers makes the broad statement that the notice of sale was invalid for the reason that it comes in conflict with a statute which requires such a advertisements not to be made until ninety days after the entering of a decree or order of sale.

Section 3938, C. L., 1897, is the statute referred to by attorney for appellant, and an examination of that statute will show that there is no word contained therein which attempts to regulate the time of publishing any notice of sale, or the manner of such publication. It simply says the sale shall not be made, until ninety days after the date of the order, judgment or decree. The action of Special Master Crawford was in no way in conflict with that statute. He did not attempt to make any sale until after the expiration of the ninety days, given both in the decree and by statute for the satisfaction of the several judgments contained in the decree. But he did place himself in a position to make the sale at the earliest possible date after the expiration of said ninety days, provided said judgments were

not paid within that time. And he placed himself in that position and began the advertisement preparatory to the making of said sale, after Messrs. McMillen and Johnston, respectively representing Mr. Geo. K. Neher and some of the lien claimants, held a conference and agreed that such publication so begun would be legal, and conform to both the decree of sale and the statute under which the sale was to be made.

The notice of sale prepared after that conference was inserted in an Albuquerque newspaper for five successive weeks, from December 30 to January 28, following, and the record shows that ten or twelve of the Albuquerque attorneys were parties of record to the suits merged into the joint decree, and among these attorneys were the firm of Childers & Dobson, and Mr. A. B. McMillen, and yet no word was ever heard against the legality of that notice of publication until after the sale was made, and it came time to pay for the publication and the services of the special master who caused it to be published and made the sale under it. It would seem that if the actions of attorneys would ever estop their clients from complaining of any acts, the action of Mr. A. B. McMillen and Mr. W. B. Childers has certainly estopped Mr. Neher from all right to claim that there was illegality in the publication of the notice of sale herein by Special Master Crawford.

2. Attorney for appellant insists that his client had paid all court costs prior to the date of sale, and states that they had been paid to the lien claimants by Neher, even if they had not been paid into court. Unfortunately, the record is in conflict with this position. The record shows that when Mr. Neher paid the claims of lien claimants, which had been reduced to judgment, he also paid them the costs they had advanced at the time their suits were begun, or had paid later as they fell due. But the amount of costs paid to claimants had reference solely to the costs they had advanced, and not to the amount due the clerk of the court, which are shown by the last statements herein to have been unpaid, and which as a matter of fact were unsat-

isfied at the time the sale of the property was made by the special master.

The attorney for appellant also states that if the costs were not paid the remedy would have been to have issued executions against the plaintiffs to the different suits, instead of selling the property to satisfy them. But the decree of the court was that if all judgments and costs were not paid, then the property should be sold to satisfy them, as well the costs of the the court as the several judgments. And why, when one order or decree had been entered by the court exactly covering the case, another remedy or mode of procedure should have been adopted to recover the costs is not very clear. It would seem as if the special master had the same right to sell the property to pay the costs of the court that he had to sell it to pay the several judgments included in the decree, which ordered the sale for both purposes, as well as to pay the fees of the special master and all costs and expenses incident to the carrying out of the terms of said decree. And this decree was entered as shown by the record by consent of all the attorneys of record in the several suits, including the attorneys for Mr. Geo. K. Neher, this appellant.

3. Our statute relating to the right of appeal, if any could be allowed herein, is as follows:

"Any person aggrieved by any final judgment or decision of any court, may at his election, take an appeal or sue out a writ of error," etc.

The only final judgment or decision in this case is the decree found at pages 3 to 15 of the transcript, which adjudges the amounts due the respective claimants and orders the property in question sold to satisfy their claims, under certain conditions. From that decree there has not been any appeal taken by any one. The order or decree at page 60, from which this appeal has been attempted to be taken, is not in any sense a final judgment or decision. It is simply an order setting aside the sale which has been made under the decree in the cause, and also providing the payments that shall be made, under and according to the final decree, on page 14, transcript. And from the main part of that

order even, there has been no appeal. No one has complained of the order setting aside the sale, and no one has appealed from that order to this court.

It is simply the part of the order allowing costs and expenses for the services of the special master that has been appealed from. The attorney for appellant seems to realize the dangerous ground on which he is treading in having attempted to take the appeal, and seeks to distinguish it from the great mass of cases in which he admits an appeal can not be taken from an allowance of costs. We contend that no case cited by appellant sustains the doctrine that an appeal will lie from the discretionary allowance of costs on the part of the trial court. That no appeal lies from a decree or judgment for costs and expenses has been decided in the following cases: Findlay v. Hinde, 26 U. S. (1 Pet.), 241; Canter v. American Ins. Co., 28 U. S. (3 Pet.) 307; Wood v. Weimar, 104 U. S. 786; Paper-Bag Machine Cases, 105 U. S. 766; Dutton v. Tracy, 4 Conn. 79; Briscoe v. Briscoe, 10 Ky. 498; Boggess v. Cox. 48 Mo. 278; Couch v. Fisher, 49 Mo. 371; Hunt v. Wallis, 6 Paige (N. Y.) 371; Rogers v. Holly, 18 Wend. 350; Taney v. Woodmanse, 23 W. Va. 709; Union Bank v. Mott, 13 Abb. Prac. 247; Southwick v. Southwick, 49 N. Y. 510.

We do not deny the proposition that an appeal lies from a judgment for costs in an independent proceeding to recover costs. In such cases, the proceeding is practically an independent suit, and there would be no more reason for disallowing an appeal than there would be in any other independent action. Such a proceeding is the case of Trustee v. Greenough, 105 U. S. 527, upon which appellant relies.

On page 529 the court says with reference to said cause: "In 1875 he filed a petition, setting forth these advances and the efforts made by him, and prayed an allowance out of the fund for his expenses and services. In December; 1876, an order was made by the court referring it to a master to ascertain," certain things.

So it is seen that there was an independent petition filed setting forth the claims of plaintiff, and that petition, though filed in the main suit, had as independent a character

as though it had been begun by the filing of an original complaint asking for damages from some one.

The question was raised as to the right to appeal from an order allowing the prayer of the petitioner, and the court says, page 531: "The first question, however, is whether these orders do or do not amount to a final decree, upon which an appeal lies to this court. They are certainly a final determination of the particular matter arising upon the complainant's petition for allowances, and direct the payment of money out of the fund in the hands of the receiver. Though incidental to the cause, the inquiry was a collateral one, having a distinct and independent character, and received a final decision."

But where the court simply taxes costs as an incident to the cause, and they are not distinct and independent and allowed upon a separate proceeding as in the case referred to, the Supreme Court has uniformly held that an appeal simply involving the question of costs would not be considered, and we quote from some of the decisions as follows:

"An to the costs and expenses, we perceive no error in the allowance of them in the circuit court. They are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court. And besides, it may be added that no appeal lies from a mere decree respecting costs and expenses." Canter v. America Insurance Co., 3 Pet. 307.

"There remains, then, only the consideration of the costs, whether the courts below did right in making them exclusively a charge upon the proceeds of the condemned property. Costs in the admiralty are in the sound discretion of the court; and no appellate court should ordinarily interfere with that discretion, unless under peculiar circumstances. Here no such circumstances occur. The matter of costs is not per se the proper subject of an appeal; but it can be taken notice of only incidentally as connected with the principal decree, when the correctness of the latter is directly before the court." Hamony et al. v. Brig Malek Adhel, 2 How. 210.

"For all practical purposes except costs, the appellant was successful in the court below. * * * The appeal therefore, presents only a moot case except as to costs. * * * The statute as to costs after a disclaimer therefore, has no application to this suit, and the appeal is practically reduced to the single question whether, if the decree below should be reversed, the appellee ought to have his costs in that court, and if so, how much. No appeal lies from a mere decree respecting costs and expenses. As this case comes within the reason of that rule, we affirm the decree below without examining the merits." Elastic Fabrics Company v. Smith, 100 U. S. 110.

"If this were all there was in the case we should, under our uniform practice, decline to consider it. No writ of error lies from a judgment as to costs alone." Wood v. Weimar, 104 U. S. 786.

"So far as the appeal of Thomas Nixon is concerned, the controversy is really as to costs alone. The decree against him will consequently not be considered." Paper-Bag Machine Co. v. Nixon, 105 U. S. 766.

The decisions, uniformly made and controlling in this case, by the Supreme Court of the United States, as noted above have been followed by the Supreme Court of nearly every state in the United States, from the decisions of one of which courts we quote the following:

"The case then comes down to that branch of the appeal which attacks the decree for general costs. I can only say, that as at present advised, I am hardly able to imagine a case in which this court ought to interfere with such a decree. See Cunningham v. Freeborn, 11 Wend. 257, 258, Per Nelson, J. It lies in the merest discretion of the chancellor; and it is perfectly well settled, that as a general rule, an appeal will not lie from a decree where the chancellor has such a discretion to make or withhold it; and so long as the courts act upon reason and principle and analogy, they can do no other than apply this rule to a decree for general or final costs, depending on such discretion. They always did do so." Holly v. Rogers, 18 Wend. 350.

After a careful investigation into the facts leading up

to and involved in this appeal, and an application of the principles of law herein cited, thereto, we submit the case with every confidence that the rulings and orders of the trial court will be found to have been correct in every particular.

MILLS, C. J.—This case is before us on the two grounds on which the appeal is taken as disclosed by the record, to wit: the allowance to the special master of the sum of $250.00 for his services, and also the allowance to him of $50.00 on account of attorneys fees. At the threshold of this case, we are confronted with the inquiry, as to whether or not the appeal will lie, for it is a well-settled principle of law that the mere matter of costs are not the proper subject of an appeal, and that an appellate court will not, under ordinary circumstances, review a case where costs alone are involved. This is the doctrine contended for by the learned counsel for the appellee, while counsel for the appellant contends that the taxation of statutory costs alone cannot be appealed from, but that the allowances in this case are, properly speaking, not costs at all, but that they are allowances of compensation by the court's order alone, and that consequently they can be reviewed by the appellate court.

This court has heretofore defined costs as "a pecuniary allowance made by positive law to the successful party in a suit, or a distinct proceeding within a suit, in consideration of and to reimburse his probable expenses." Price v. Garland, 5 N. M. 98. The word "costs," is a word of well known significance. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law, as charges for the services enumerated in the "fee bill." Price v. Garland, supra; Apperson v. Mutual Benefit L. I. Co., 38 N. J. Law, 272.

In Disbrow v. Henshaw, 8 Cowan, 349, the court holds that a court may, in its discretion, entertain an appeal from an order for costs, and the same doctrine is laid down in Norcross v. Boulton, 16 N. J. Law, 310, and other cases.

In the case at bar, the decree made the special master's fee and the attorneys' fees a lien on the property, and orders

the property to be sold in default of pay-

**APPELLATE procedure: final judgment.** ment. This is, we take it, a final decree or decision within the meaning of our statute, allowing any person aggrieved by any final judgment or decision of any court, to appeal.

In the case of Trustees v. Greenough, 105 U. S., 527, the court says: "Ordinarily a decree will not be reviewed by this court on a question of costs merely in a suit in equity, although the court has entire control of the matter of costs, as well as the merits, when it has possession of the cause on appeal from the final decree. But it was held by Lord Cottenham, in Angell v. Davis, (4 Myl & Craig, 360) that when the case is not one of personal costs, in which the court has ordered one party to pay them, but a case in which the court has directed them to be paid out of a particular fund, an appeal lies on the part of those interested in the fund."

In view of the authorities above cited, and the facts as disclosed by the record before us, and as the decree granting the allowances is not a personal judgment, but requires the payment of money, and in default of such payment, orders the sale of the property, thereby creating a fund out of which they are to be paid, and as it clearly comes within the rule as laid down in Trustees v. Greenough, supra, we have come to the conclusion that this is an appeal from a final judgment or decision and is therefore regularly before us for consideration.     •

It will be observed that the original decree allowing the foreclosure of the mechanics' liens, gave the defendants un-

**Special master: no compensation when.** til on or before January 31, 1900, to pay said liens. None of them need to have been paid before that date. It was not specified in the decree that they need be discharged of record, but only that they be paid on or before January 31, 1900. In default of such payment, then the special master was directed to sell the property and pay the proceeds into court. Until a default had occurred in the payment of some or all of the liens, the special master had no duties to perform under his appointment. He was not authorized by the decree to add anything to the amount

necessary to be paid to avoid the sale, until the full period allowed for redemption had expired.

If the liens were paid within the time limited for their payment, then his appointment lapsed; it was only in the event of non-payment within such time that he was to enter upon and perform the duties of his appointment. The last of the liens having been paid before the expiration of the time in which such payments were decreed to be made, and the special master having been informed by a reputable attorney of this court that such was the case, he should not have proceeded with the sale, but should have adjourned it, if he had any doubt of the truth of such statement, until he could have verified it.

Counsel for the appellant insists very strenuously, that the publication of the notice of the sale before the expiration of the time limited for redemption was without authority, and consequently void. We do not so understand our statute regarding foreclosures of mortgages or liens. Sec. 3938 of our laws provide that "no real property shall be sold * * * * under or by any order, judgment or decree of any court in this Territory until ninety days after the date of the order, judgment or decree, within which time the mortgagor, or any one for him, may pay off the decree * * * * and avoid the sale."

*Sale under decree: publication: redemption.*

The statute nowhere provides that the advertisement of sale shall not begin until after the expiration of the ninety days has expired. If property which is foreclosed under a mortgage or lien is properly advertised for the length of time prescribed by the statute and is not sold until after the expiration of the ninety days' stay allowed by law, we can see no good reason why such sale is not legal and valid and one which conveys title.

If, however, a special master, for any reason, prepares notices and advertises property for sale during the time allowed for redemption, he does so at his own risk, and if the property is redeemed, within the time limited, he cannot reimburse himself from it for the expense he has been to in preparing such notices and advertising

*SPECIAL master-expenses not paid when.*

the same, as it is an unnecessary expense and we have held that we will not tax costs for unnecessary expenses, unless required to do so by an affirmative provision of law. Givens v. Veeder, 9 N. M. 405. The preparing of the notice of sale and publishing it, in this case, before the expiration of the time set for the redemption, was an unnecessary expense, for as the liens were satisfied before the date set for redemption had expired, no sale was necessary, and none should have been made. We think that this allowance to the special master was improper.

The allowance of the fee of $50.00 to the attorneys of the special master for legal services in preparing the notice of the sale, and the report of the same, and the order setting the sale aside come within the rule just enunciated, that we will not tax costs for unnecessary expenses. If the special master should not have prepared the notices for the sale of the property, save at his own risk, within the time limited for redemption, surely he had no right or authority to employ attorneys to do it for him and pay them from the fund to be derived from the sale. As the property should not have been sold under the first decree, as the liens were all paid, the special master had nothing to do, and there was no need of his making any report at all, or of having one made for him, and if an illegal sale had not been made, illegal because the liens had been paid, there would have been no necessity for preparing an order to set it aside. We, therefore, are of the opinion that this allowance of $50.00 was for unnecessary expenses, and should not have been made.

In the amended assignment of errors there is an assignment that the court erred in allowing the special master the costs of advertising the property for sale, but APPELLATE practice: what questions are not considered. as the record shows that this item of allowance was not appealed from, we cannot consider it. In this or similar cases we can only consider matters from which appeals have been taken or writs of error sued out. The mere assignment of an error does not bring it before us for consideration if it is not appealed from, and the record in this case shows that the only items allowed by the court which were ap-

pealed from were that of $250.00 to the special master, and $50.00 on account of attorneys' fees incurred by the special master. We will not, therefore, review the allowance made by the court to pay the costs of advertising, as it has not been appealed from.

We are of the opinion, therefore, that the allowance of the special master's fee of $250.00 and the attorney's fee of $50 were improperly made, and to that extent the decree of April 20th, 1900, should be modified, but in all other respects the decree of the court below will be affirmed, and it is so ordered.

McFie, Parker, and McMillan JJ., concur; Crumpacker, J., having tried the case below, did not participate in this decision.

[906. February 25, 1901.]

SYLLABUS BY THE COURT.

